**No. 39423.**—Protest 134466–G of E. Wiedeman Co. (New York).

Opinion by TILSON, J. Articles in chief value of cellulose filaments similar to those involved in Abstract 37230 were held dutiable at 60 percent under paragraph 31 as claimed.

**No. 39424.**—Protests 165427–G, etc., of Judkins & McCormick Co. et al. (New York).

Opinion by TILSON, J. The record established that certain items consist of articles in chief value of cellulose filaments similar to those involved in Abstract 37230. The claim at 60 percent under paragraph 31 was therefore sustained.

**No. 39425.**—Protests 203289–G, etc., of Robinson & Golluber (New York).

Opinion by TILSON, J. The record established that certain of the merchandise consists of trimmings and scarfs in chief value of artificial silk similar to the merchandise involved in Abstract 37230. The claim at 60 percent under paragraph 31 was therefore sustained.

BEFORE THE THIRD DIVISION, SEPTEMBER 23, 1938

**No. 39426.**—Protest 873355–G of Taiyo Trading Co., Inc. (New York).

Opinion by KEEFE, J. It was established that the picks are imported, together with earthenware lemon dishes, packed in the same boxes; that the bone picks may be used with any kind of a dish; and that they are often imported and sold separately from the dishes, and likewise that the dishes are sold without the picks. It was held there is nothing in paragraph 211 to indicate that articles imported with earthenware and intended to be used in conjunction therewith should be included within the count of earthenware pieces. It was further held that the use of the pick in conjunction with the lemon dish does not constitute such a joining together thereof that creates a complete article of commerce having a new name and use. *Kwong* v. *United States* (T. D. 49409) cited. The picks, not being entireties with the lemon dishes, were held dutiable as manufactures of bone under paragraph 1537 as claimed.